IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES A. NEWBY, # 1427436 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-09-282 |
| | § | |
| RICK THALER,[1] | § | |
| DIRECTOR OF TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Kenneth M. Hoyt, United States District Court Judge, is the Petition for a Writ of Habeas Corpus of James A. Newby, a prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division ("TDCJ-CID"). (Docket Entry ("Dkt") Nos. 1 & 2). Respondent filed a Motion for Summary Judgment seeking dismissal with prejudice of Newby's claims. (Dkt. No. 9). Newby filed a Reply. (Dkt. No. 10). Having carefully considered the Petition, the Respondent's motion and brief, Petitioner's Response, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Newby pursuant to a judgment and sentence entered by the 239th District Court of Brazoria County, Texas on March 12, 2007. Newby was indicted and charged with sexual assault in three counts. Newby pled "not guilty" to the charges. The case was tried to a jury. The jury, after hearing all the evidence, found Newby guilty of the

---

[1] Nathaniel Quarterman was the named Respondent in this action; however, effective July 15, 2009, Rick Thaler succeeded Quarterman as the Director and is, therefore, automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

offenses alleged in the indictment.  Newby was sentenced to twenty (20) years confinement on the three counts, with the sentences to run consecutively.

Newby appealed his conviction.  The court of appeals affirmed his conviction on February 5, 2008.  *Newby v. State*, No. 14-07-00250-CR (Tex.App. [14th Dist.], 2008).  He filed a Petition for Discretionary Review ("PDR"), which was refused by the Texas Court of Criminal Appeals on October 8, 2008.  *Newby v. State*, PDR No. 0319-08 (Tex.Crim.App. 2008).

On July 29, 2009, Newby filed a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  The Court of Criminal Appeals denied it without written order on September 9, 2009.  *Ex parte Newby*, WR-72-585-01.

Newby filed the instant writ in federal court on November 6, 2009.[2]  In his federal writ, Newby alleges the following grounds for relief, all of which related to the same general issue: (1) a jury member was biased due to an adverse relationship with him; (2) the trial court abused its discretion when it denied him a new trial on the basis that a jury member was not impartial; and (3) he was denied effective assistance of counsel on appeal because counsel failed to raise the issue that a jury member was not impartial.  (Dkt. No. 1 at 7 (Fed. Writ Pet.); Dkt. No. 2 (Memorandum of Law and Facts in Support of Federal Writ)).  Respondent filed a Motion for Summary Judgment seeking dismissal of all Newby's claims.  (Dkt. No. 9).  Respondent maintains that Newby's first claim (*i.e.*, juror bias) is procedurally barred or, in the alternative, is without merit.  (Dkt. No. 9 at 14-23).  Respondent also argues that Newby's second and third claim must be dismissed because they are unexhausted and have been procedurally defaulted or, in the

_____

[2] This is the date that Newby declares he placed the writ in the prison mailing system.  Fed. Writ. Pet. at 9.  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

alternative, the claims are without merit.  (Dkt. No. 9 at 9-14; 23-26).  Newby filed a Response to the Motion for Summary Judgment.  (Dkt. No. 10).  Respondent's Motion for Summary Judgment is now ripe for adjudication.  The Court will address each issue in turn.

   A.  Claim One:  A Juror Was Not Impartial

Respondent maintains that this issue is procedurally barred from federal review or, in the alternative, that the claim lacks merit.   It is well settled that federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).  A federal court is still bound by the state procedural default rule even when the state court explicitly invokes a procedural bar and alternatively reaches the merits of a defendant's claims.  *Harris v. Reed*, 489 U.S. 255, 264 n. 10; *Amos*, 61 F.3d at 338.

A procedural default will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default.  *Coleman*, 501 U.S. 750; *Amos*, 61 F.3d 338.  "Cause" ordinarily requires petitioner to demonstrate that some objective factor, external to the defense, impeded the effort to raise the claim properly in the state court.  *Matchett v. Dretke*, 380 F.2d 844, 848 (5th Cir. 2004).  To show "'prejudice," Newby must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Sones*, 61 F.3d at 418-19. To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U .S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995) (denying certificate of probable cause)(footnote omitted).

4

In the present case, the state habeas court found that Newby should have raised his claim regarding juror bias on direct review and, as a result of not doing so, the claim was barred. *Ex parte Newby*, WR-72-585-01 at 38- 42.  The Texas Court of Criminal Appeals denied relief based on the habeas court's findings.  *Id*. at cover.  Accordingly, Newby's claim is procedurally barred because it was not raised on direct appeal.  *See Cook v. Lynaugh*, 821 F.2d 1072, 1075 (5th Cir. 1987) (recognizing well established rule that "section 2254 relief is barred, even were the claim meritorious, if the petitioner or his attorney committed a violation of a state procedural rule requiring the claim to be raised at a certain time or manner or court, and as a result of the procedural default the state courts refuse to address the merits of petitioner's claim.").

Notwithstanding, Newby argues that his procedural default of this claim should be excused. In particular, he maintains that his failure to raise this issue on appeal should be excused because his attorney was constitutionally ineffective on direct appeal for not raising the claim.  The Court is not persuaded by Newby's argument because exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures.  *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).  Ineffective assistance of counsel on direct appeal may provide cause to avoid a procedural bar, but "the exhaustion doctrine . . . generally requires that a claim for ineffective assistance of counsel be presented to the state courts as an independent claim before it can be used to establish cause for procedural default."  *Murray*, 477 U.S. at 488-89.  In other words, the claim of ineffective assistance of counsel on direct appeal is an independent constitutional violation, which must itself be properly exhausted using state collateral review procedures.  *See Edwards*, 529 U.S. at 451-53. Thus, where a habeas petitioner did not exhaust his ineffective appellate counsel argument in state

court, such a claim cannot furnish the requisite cause or prejudice for purposes of overcoming the procedural default of his underlying claims.  *See Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009).  Stated another way, allegations that are proffered as "cause" for a procedural default are themselves subject to the exhaustion requirement; they must be presented to the state court before they may be raised on federal habeas review.  *See Edwards*, 529 U.S. at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . .").[3]  Furthermore, aside from this fact, Newby has offered no evidence showing that a reasonable probability exists that the result would have been different.  *See Frady*, 456 U.S. at 170.  Newby has failed to establish cause and prejudice to excuse his procedural default of his ineffective assistance claim and, hence, he is barred from using it as a basis for cause to excuse his procedural default of the underlying claim.  *Edwards*, 529 U.S. at 451-53.

Finally, even to the extent that Newby contends that procedural default should be excused and federal review permitted because it is necessary to correct a fundamental miscarriage of justice, his contention fails as he has offered no evidence which establishes his "actual" innocence.

However, even assuming, for the sake of argument, that this claim were not barred, it is without merit.[4]  The Sixth Amendment guarantees the right to a trial by an impartial jury. U.S. CONST. AMEND. VI.  One aspect of this constitutional right is the opportunity to conduct "an adequate voir dire to identify unqualified jurors." *Morgan v. Illinois*, 504 U.S. 719, 729 (1992)

---

[3] The Court pauses to note that this will be discussed in more detail below.

[4] "Notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," the AEDPA allows a federal court to deny an application on the merits.  28 U.S.C. § 2254(b)(2).

(citing *Dennis v. United States*, 339 U.S. 162, 171-72 (1950)).  The Texas Court of Criminal Appeals held that, "[w]here a juror withholds *material information* during the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury." [Emphasis added].  *Salazar v. State*, 562 S.W.2d 480, 482 (Tex.Crim.App. 1978), *overruled in part on other grounds*, *Sneed v. State*, 670 S.W.2d 262, 265 (Tex.Crim.App. 1984).

To determine materiality, the court evaluates whether the withheld information would likely reveal the juror harbored a bias or prejudice to such a degree that the juror should have been excused from jury service.  *See Anderson v. State*, 633 S.W.2d 851, 853-54 (Tex.Crim.App. 1982); *Salazar*, 562 S.W.2d at 482-83.  Such an evaluation usually requires a court to consider, among other things, the facts of the crime, the context of the withheld information as it relates to the juror's personal life, and the physical, emotional, and psychological peculiarities of the parties. If the withheld information touches on some fundamental component of the charged crime or personal characteristic of the accused, then a court could conclude that the withheld information was "material" to voir dire's objective of eliciting that juror's potential bias or prejudice against the accused.  For example, if the defendant is charged with an intoxication offense, it is material information that the prospective juror has a prejudice against persons who use alcohol.  *See e.g.*, *Wappler v. State*, 183 S.W.3d 765, 774 (Tex.App.--Houston [1st Dist.] 2005, *pet. ref'd*).  In addition, if the juror has a personal bias against the defendant, that bias may be considered material information because it impacts, among other trial aspects, how the accused's credibility might be evaluated.  *See, e.g.*, *Vaughn v. State*, 833 S.W.2d 180, 184-85 (Tex.App.-Dallas 1992, *pet. ref'd*).  However, only those facts known by the parties before the previously withheld

information is first disclosed are relevant to the materiality determination, because it is at that point where a trial court itself first determines the impact of the newly discovered information.  If subsequent questioning or evidence shows the delayed revelation to be harmless, such evidence is necessarily relevant, but only with respect to a court's harm analysis.

In the present case, Newby alleges that juror Justin Tucker knew him and was biased against him.  When the venire panel was questioned, the prospective jurors were asked whether they knew the defendant.  No one on the panel, including Tucker, indicated that they knew and/or recognized Newby.  Moreover, there is also no indication in the record that Newby recognized any members on the panel, including Tucker.  Nonetheless, Newby claims that Tucker knew him and was biased against him based, not on his own personal knowledge, but the apparent knowledge of one of his witnesses.  In particular, during the punishment phase of the underlying trial, one of Newby's witnesses, Jean Lodeman, testified outside of the presence of the jurors that she recognized several of the members of the jury, including Justin Tucker.  Ms. Lodeman testimony consisted of the following:

Q: Okay.  State your name.

A: Jean Lodeman.

Q: You and I spoke outside about the composition of the jury; is that correct?

A: Yes, sir.

Q: You recognize several of the members on the jury?

A: Yes, sir.

Q: One of those was Justin Ross Tucker?

A: Right.  Correct.

Q: And you thought that it was possible that he knew Mr Newby from some of the school outings?

A: Right, at the Sea Center.

Q: Have you done any more thinking or research to see whether or not that is true?

A: Well, unless I had Justin's permission, you cannot get those kind of records.

Q: Do you remember when he graduated from high school?

A: To be honest with you, you know, the picture that was before me, you know I have so many students before me; no, I can't remember, no.

Q: From the time, how many years consecutively, did Mr. Newby assist you with your classes?

A: Ever since I have known him.

Q: So, since 1994?

A: Really, not necessarily accurate on that because definitely was '90, '91, because I met my husband in '91 and.

Q: That's good enough.

A: I knew Newb [sic] before him.

Q: No, so, you are positive Justin Ross Tucker was in your class?

A: Most definitely.

Q: You are positive that Mr. Newby would have assisted you, whatever year it was, if it was between now?

A: Right.

Q: Or actually between 2004 and 1991, that Mr. Newby would have done some volunteer work with your class during the school year?

A: Correct.

Q: So, Justin Ross Tucker would have known Mr. Newby?

9

A: Yes.

Q: He would have at least had some contact with him?

A: Contact with him, even if it's just getting sea water from Sea Center.

      Mr. McGee: All right.  Pass the witness.

**CROSS-EXAMINATION QUESTIONS BY MR. WARREN [prosecutor]:**

Q: Just had contact with Mr. Newby or known him?

A: Contact, as in do you mean that kind of contact?

Q: No, just like not touching.

A: Okay.

Q: For purposes of the record, but like he was at your class, one day out of a semester, that Mr. Tucker would have been in your class?

A: Oh, no, sir.  We do field studies in my class two or three times a month, sometimes. So, that would be several encounters that he would have had a chance to be with Newb, at the Sea Center, at the beach, bay, lakes, jetty, classroom.

Q: How old do you think Mr. Tucker is?

A: I would say roughly around twenty-four to twenty-six, that's my estimate, but I am not exactly, like, I am sorry all my students gel together.

Q: So, it could possibly be that you are confusing him with someone else?

A: Oh, no.

Q: If he's only twenty-one?

A: Okay.  No.

Q: Which means he would have been in your class when?

A: 2002, 2003, or 2004, if he graduated 2004.

Q: So he either took your class sophomore, junior or freshman, correct?

10

A: No, sophomores, juniors or seniors.

Q: So, you don't know exactly when he took your class?

A: No.  And it doesn't really make any difference to me, necessarily.  I know, for a fact, that he was in my class.

Q: Was he in your class for a year or just a semester?

A: All year.

Q: He would have been in your class the entire year?

A: Right.

Q: Of one of those three years?  Right?

A: Correct.  Yes.

Q: Mr. Newby would have volunteered in your class or at another field trip for your class two or three times a month?

A: Right.  Correct.

(S.R., Vol. VI at 98:9-25 - 102:1-9).

While this exchange establishes that the witness and/or Newby may have known juror Tucker, as well as other members on the jury, the "mere familiarity with a witness is not necessarily material information." *Franklin I*, 12 S.W.3d at 478; *see also*, *Turner v. State*, 671 S.W.2d 679, 681 (Tex.App.–Dallas 1984, *pet. ref'd*); *Anderson*, 633 S.W.2d at 853 ("The mere fact that a juror knows, or is a neighbor, or an intimate acquaintance of, and on friendly relations with, one of the parties to a suit, is not sufficient basis for disqualification.").  A potential juror's acquaintance with a witness is material only if the nature of the relationship reveals a potential for bias or prejudice on the part of the juror.  *See Franklin I*, 12 S.W.3d at 478; *Decker v. State*, 717 S.W.2d 903, 907 (Tex.Crim.App. 1983).  Here, as clearly evidenced by Jean Lodeman's

testimony, there is nothing in the exchange that establishes or even suggests a bias.  *Anderson*, 633 S.W.2d at 853-54 (citing *Swap Shop v. Fortune*, 365 S.W.2d 151 (Tex. 1963)) ("[w]hen a bias or prejudice are not established as a matter of law, the trial court has discretion to determine whether bias or prejudice actually exists to such a degree that the prospective juror is disqualified and should be excused from jury service.").  The fact the juror did not intentionally withhold the information "is largely irrelevant when considering the materiality of the information withheld." *Franklin v. State*, 138 S.W.3d 351, 355 (Tex.Crim.App. 2004) (quoting *Franklin I*, 12 S.W.3d at 478).

Thereafter, in an apparent attempt to show juror bias, in his state habeas corpus writ Newby submitted a high school yearbook showing Justin Tucker as a student, as well as a letter from "Sailgirl" to "Sailboat" dated July 10, 2008, in which the sender states Tucker did not like Newby.  (*Ex parte Newby*, WR-72,585-01 at 30-34).  However, the problem with the letter that Newby submitted in support of his state writ of habeas corpus is that the letter itself lacks authentication and, even if a court were to have assumed that the letter was written by Jean Lodeman, the opinion expressed in the letter was certainly not presented to the trial court when defense counsel called Lodeman to testify.

Undeterred, in his Federal writ of habeas corpus, Newby then submitted an affidavit from Jean Lodeman to support his claim of juror bias.  However, this Court's careful review of the state court records does not reflect that this affidavit was ever submitted to or considered by the state court and, as such, this Court cannot consider it now.  *See, e.g.*, *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (no fair presentation to state court "if the prisoner presents new legal theories or factual claims in his federal habeas petition"); *Graham v. Johnson*, 94 F.3d 958, 968-

69 (5th Cir. 1996) (ineffective assistance of counsel claim not fairly presented to state court where in federal court petitioner "presented significant evidentiary support … never presented to the state courts"); *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.), *cert. denied*, 479 U.S. 1010 (1986) (no fair presentation to state court where federal claim contains "new factual allegations in support of a previously asserted legal theory"); *Brown v. Estelle*, 701 F.2d 494, 495-96 (5th Cir. 1983) (if claim in federal court is in a significantly stronger posture then it was in state court, it was not fairly presented to state court).

Accordingly, this Court **RECOMMENDS** that Respondent's Motion for Summary Judgment be **GRANTED** and that this claim be dismissed on the basis of procedural default or, in the alternative, because it lacks merit.

B.   Claim Two:  Trial Court Abused Its Discretion

Newby next alleges that the trial court judge abused his discretion when denying his motion for new trial based on juror bias.  Respondent maintains that Newby failed to exhaust this claim in state court and, as such, he is now procedurally barred from federal habeas review.  (Dkt. No. 9 at 9-14).  In the alternative, Respondent maintains that Newby's claim lacks merit because the state court's decision not to grant a mistrial does not state a federal claim for relief and, even if it did, the claim fails because Newby has failed to show bias on the part of the juror which would demonstrate that the trial court judge abused his discretion in denying the motion.  (Dkt. No. 9 at 23-24).  The Court addresses the issues in turn.

Initially, with regard to the issue of exhaustion, a review of the records reflects that this claim was not clearly presented either on direct appeal or in Newby's post-conviction state writ

of habeas corpus.  The law is clear that a claim not "fairly present[ed]" in state court is unexhausted.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Newby, however, insists that he raised this issue in his state habeas corpus writ so it should be considered exhausted.  Newby's state habeas corpus writ consisted of numerous pages, as well as a brief supporting his state writ.  *Ex parte Newby*, WR-49,625-A at 8-34.  Nowhere in the body of the state writ does Newby actually raise this issue.  In fact, in his state writ and accompanying brief, Newby only set forth two grounds upon which he sought relief—namely, (1) "jury misconduct where a jury member with an adverse relationship with the Appellant lied in order to get on the jury," and (2) "[a] witness for the prosecution committed misconduct when it was proven that he gave false testimony, outside the ears of the jury."  *Ex parte Newby*, WR-49,625-A at 13-14.  Newby does not appear to dispute that this claim was not set forth in either of these grounds.  Instead, Newby maintains that he exhausted this claim because he mentioned it in the "Conclusion" of the brief accompanying his state writ.  Respondent counters that by placing this claim in the "Conclusion," Newby failed to "fairly present" this claim to the state habeas court.  The Court must agree with Respondent.  Reviewing the state writ, the Court finds that the only reference to this claim is in the "Conclusion" of his accompanying brief which merely provided that "[t]he trial Court [sic] abused its discretion when a motion for new trial concerning these issues was denied."  *Ex parte Newby*, WR-49,625-A at 27.  The mere mention of this issue in a single sentence of the "Conclusion" is hardly sufficient to be considered a "fair presentment" of this issue to the state court.  *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (for purposes of "fair presentment" the court explained that "[a] fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert

14

and afford a state court the opportunity to address an alleged violation of federal rights."); *see also*, *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir.2005) ("[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). The Court, therefore, finds that this claim, never having been fairly presented to the state court, is unexhausted.

In addition, Newby's claim would be barred by the doctrine of procedural default. The Texas abuse-of-writ doctrine prohibits a second habeas petition, absent a showing of cause, if the petitioner urges grounds therein that could have been, but were not raised in his first state habeas corpus petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n. 1 (Tex.Crim.App. 1994). That doctrine represents an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 123 F.3d 213, 217-18 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). While the Texas Court of Criminal Appeals has not expressly ruled that Newby's claim of trial court error is procedurally barred, this Court need not await a decision from the Texas courts because it is well established that claims that have not been reviewed by the state courts may be found to be procedurally barred on federal habeas review. *See Coleman*, 501 U.S. at 735; *Emery*, 139 F.3d at 195. Thus, as is the case here, "when 'it is obvious that the unexhausted claim would be procedurally barred in state court, [the Court] will forego the needless "judicial ping-pong" and hold the claim procedurally barred from habeas review.'" *Sones*, 61 F.3d at 416 (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993)).

Even assuming, however, that this claim were exhausted, it has no merit. Habeas corpus relief is not available to correct every error committed by the trial court, as only errors of constitutional magnitude are cognizable by a federal habeas court. *See Mabry v. Johnson*, 467

U.S. 504, 507 (1984); *see also*, 28 U.S.C.A. § 2254(a).  To be actionable on federal habeas review, the trial court's error must not have been merely an abuse of discretion, but so grave that it amounted to a denial of the constitutional right to substantive due process, *i.e.*, that the error made the trial fundamentally unfair.  *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 24 (1981).

The traditional test for determining whether a trial court error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict would have been different had the trial been conducted properly.  *See Guidroz v. Lynaugh*, 852 F.2d 832, 835 (5th Cir. 1988); *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988).  More recent cases have made clear that for a trial court error to warrant relief, there must be "'*more* than a mere reasonable possibility that it contributed to the verdict.'" *Tucker v. Johnson*, 242 F.3d 617, 629 (5th Cir. 2001) (quoting *Corwin v. Johnson*, 150 F.3d 467, 500 (5th Cir. 1998) (emphasis in original)).  Rather, "'[i]t must have had a *substantial* effect or influence in determining the verdict.'" *Tucker*, 242 F.3d at 628 (quoting *Corwin*, 150 F.3d at 500 (emphasis in original)).  In addition, the United States Supreme Court has held that on federal habeas review of state court convictions, a federal harmless error standard applies.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (*quoting*, *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *Vanderbilt v. Collins*, 994 F.2d 189, 198 (5th Cir. 1993).  Thus, to be actionable, the trial court error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  Therefore, a petitioner is not entitled to federal habeas relief based on an alleged trial court error unless he can establish that the trial court error resulted in actual prejudice.  *See id*. *See Brecht*, 507 U.S. at 637-38.  Moreover, "a state defendant has no

constitutional right to an errorless trial." *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984). Finally, "'the *Brecht* standard does not require in order for the error to be harmful that there be a reasonable probability that absent the error the result would have been different.'" *Tucker*, 242 F.3d at 628 (quoting *Corwin*, 150 F.3d at 500).

This Court cannot conclude that the state court judge erred in denying Newby's motion for new trial based on juror bias because the record shows no evidence that Tucker was biased against Newby. In other words, the trial court does not appear to have erred when implicitly finding that Tucker's acquaintance with Newby did not rise to the level of bias as a matter of law and, hence, the evidence presented to the trial court would not have justified a new trial.

The Court, therefore, **RECOMMENDS**, for the reasons discussed, that the Respondent's Motion for Summary Judgment be **GRANTED** on this issue and the claim dismissed.

### C. Claim Three:  Ineffective Assistance of Appellate Counsel

Newby's final claim is that his appellate counsel rendered ineffective assistance because he failed to raise on direct appeal that a juror was not impartial. Respondent maintains that Newby's claim is unexhausted and, as such, it is subject to the doctrine of procedural default. (Dkt. No. 9 at 9-14). In the alternative, Respondent maintains that Newby's claim is without merit. (Dkt. No. 9 at 24-26).

Newby maintains that he raised this issue in his state habeas corpus writ so it should be considered exhausted. As with his prior claim of trial court error, nowhere in the body of his state writ or the accompanying brief does Newby actually raise this issue. *Ex parte Newby*, WR-49,625-A at 8-34. Instead, similar to his prior claim, Newby claims he exhausted the issue by raising it in the "Conclusion" to the brief accompanying his state writ which, in passing, provides:

17

"[c]ourt Appointed Appellate Attorney failed to bring up the issue on Direct Appeal, without the knowledge of Appellant." *Ex parte Newby*, WR-49,625-A at 27. For the same reasons articulated above, the Court finds Newby failed to "fairly present" this issue to the state court and, hence, it is unexhausted; and now, under the Texas abuse-of-the-writ doctrine, he cannot return to state court for purposes of exhausting the claim. Tex.Code Crim. Proc. Ann. art. 11.07, § 4. Accordingly, the Court concludes that this claim is procedurally defaulted.

Nonetheless, even if this claim were not subject to procedural default, it lacks merit. A criminal defendant has a constitutional right to the effective assistance of counsel on direct appeal where, as in Texas, the appeal is a matter of right under state law. *See Evitts v. Lucey*, 469 U.S. 387, 393 (1985); *Douglas v. California*, 372 U.S. 353, 356 (1963); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1997). To render effective assistance, counsel on appeal "must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 (1988). "In preparing and evaluating the case, and in advising the client as to the prospects for success, counsel must consistently serve the client's interest to the best of his or her ability." *Id.*

When appellate counsel's deficiencies do not prevent appellate review, or counsel does not entirely fail to challenge the prosecution's case, to prevail on an ineffective assistance of counsel claim, the petitioner must show that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the petitioner by the Sixth Amendment. *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir. 1986). In other words, unless there has been "actual or constructive complete denial of any assistance of appellate counsel," the two-prong test set forth in *Strickland*, requiring a showing that counsel's performance was deficient and that such

deficiency prejudiced the defense, applies equally to a claim of ineffective assistance of appellate counsel. *Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th Cir. 1991) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also*, *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993).

In the instant case, Newby was not actually or constructively denied representation. Therefore, to prevail on his claim of ineffective assistance of appellate counsel, he must establish both that his appellate counsel's representation was deficient and that his appeal was prejudiced by this deficiency. *See Strickland*, 466 U.S. at 687; *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998). Thus, Newby must demonstrate that counsel's performance "'fell beneath an objective standard of reasonable professional assistance.'" *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998) (quoting *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993)). When assessing counsel's performance under this objective standard, a court is instructed to give "'great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* (quoting *Gray*, 6 F.3d at 268). In order to prove prejudice, the Fifth Circuit has generally required a habeas petitioner to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the appeal would have been different. *See id.* (citing *Strickland*, 466 U.S. at 694); *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir.1992). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome of the appeal.'" *Moawad*, 143 F.3d at 946 (quoting *Gray*, 6 F.3d at 269);

Moreover, it is well settled that "[t]he Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *see also*, *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983). Thus, counsel is not ineffective merely because he fails to raise issues requested by the defendant. *See*

*Sharp*, 930 F.2d at 452; *Hamilton*, 772 F.2d at 182.   In fact, appointed counsel prosecuting an

appeal on an adequate trial record is not constitutionally required to confer with the defendant

about legal issues to be presented on appeal.   *See Hooks v. Roberts*, 480 F.2d 1196, 1197-98 (5th

Cir.1973).   Nor is counsel ineffective for "failing to raise every possible point on appeal."   *Sharp*,

930 F.2d at 452; *see Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986).   Appellate counsel

is obligated only to raise and brief those issues that are believed to have the best chance of success.

*See Jones*, 463 U.S. at 751-53; *Ellis*, 873 F.2d at 840.   "It is not only reasonable but effective for

counsel on appeal to winnow out weaker arguments and focus on a few key issues."   *Mayo v.*

*Lynaugh*, 882 F.2d 134, 139 (5th Cir. 1989), *modified on other grounds*, 893 F.2d 683 (5th

Cir.1990) (citing *Jones*, 463 U.S. at 751).   In short, appellate counsel need not advance every

argument, regardless of merit, urged by the appellant.   *See Evitts*, 469 U.S. at 394; *Jones v.*

*Barnes*, 463 U.S. 745, 751 (1983).   Moreover, where an allegation of ineffective assistance of

appellate counsel is based on counsel's failure to advance certain issues on appeal, courts have

refused to find counsel ineffective when the proposed issues are without merit.   *See Williams v.*

*Collins*, 16 F.3d 626, 635 (5th Cir. 1994); *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir.1981).

In the present case, because Newby has not shown that Tucker was biased, he has not proven that

his appellate attorney's failure to raise this issue on appeal prejudiced him.   In addition, Newby's

claim that had appellate counsel raised these issues he might well have won an acquittal or a new

trial, are nothing more than speculation and such conclusory statements are simply not sufficient

to establish prejudice.   *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Because Newby's claim that he received ineffective assistance of appellate counsel is without merit, this Court **RECOMMENDS** that Respondent's Motion for Summary Judgment be **GRANTED**.

## CONCLUSION

For all the reasons stated herein, the Court **RECOMMENDS** the Respondent's Motion for Summary Judgment (Dkt. No. 9) be **GRANTED** and that the Petition for a Writ of Habeas Corpus of James A. Newby (Dkt. No. 1) be **DISMISSED** with prejudice.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **July 6, 2010,** to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.   The Objections **SHALL** be electronically filed or mailed to the Clerk's Office at P.O. Box 2300, Galveston, Texas 77553. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____7th_____ day of June, 2010.

_____

John R. Froeschner
United States Magistrate Judge